1   CHRISTOPHER CHIOU
    Acting United States Attorney
2   Nevada Bar Number 14853
    JIM W. FANG
3   Assistant United States Attorney
    501 Las Vegas Blvd. South, Ste. 1100
4   Las Vegas, Nevada 89101
    Tel: 702.388.6317 / Fax: 702.388.6418
5   jim.fang@usdoj.gov

6   *Attorneys for the United States*

7              **UNITED STATES DISTRICT COURT**
                   **DISTRICT OF NEVADA**
8
    UNITED STATES OF AMERICA,          Case No. 2:20-mj-902-DJA
9
                    Plaintiff,         ORDER  **to Continue the Preliminary**
10                                     **Hearing (Third Request)**
            v.
11
    JOSEPH HOLMES and
12
    EMELIO ROCHESTER,
13
                    Defendants.
14

15          It is hereby stipulated and agreed, by and between Christopher Chiou, Acting United

16   States Attorney, through Jim W. Fang, Assistant United States Attorney, Kathryn

17   Newman, Assistant Federal Public Defender, counsel for Defendant Holmes, and Daniel

18   Hill, Esq., counsel for Defendant Rochester, that the preliminary hearing in the above-

19   captioned matter, previously scheduled for March 15, 2021, at 4:00 p.m., be vacated and

20   continued until a time convenient to the Court, but no earlier than 30 days from the current

21   setting.

22          1.      Federal Rule of Criminal Procedure Rule 5.1(d) provides that "[w]ith the

23   defendant's consent and upon a showing of good cause—taking into account the public

24   interest in the prompt disposition of criminal cases—a magistrate judge may extend the time

limits [for preliminary hearings] one or more times." Here, the parties desire to explore the potential to resolve this matter before defendants are formally charged by a criminal indictment.

2.     In that regard, the government has provided defense counsels with limited Rule 16 discovery in order to facilitate pre-indictment resolution. The parties are in active plea negotiations and require more time to resolve this matter pre-indictment.

3.     This continuance is not sought for the purposes of delay, but to allow the parties to thoroughly vet the case and reach an agreement as to the final resolution of this case.

4.     Defendants are not in custody and agree to the continuance.

5.     Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

6.     The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

DATED this 10th day of March, 2021.

CHRISTOPHER CHIOU
Acting United States Attorney

 *s/Jim W. Fang*
JIM W. FANG
Assistant United States Attorney
*Counsel for the United States*

 *s/ Kathryn Newman*
KATHRYN NEWMAN
Assistant Federal Public Defender
*Counsel for Defendant Holmes*

 *s/ Daniel Hill*
DANIEL HILL, ESQ.
*Counsel for Defendant Rochester*

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

JOSEPH HOLMES and

EMELIO ROCHESTER,

        Defendants.

Case No. 2:20-mj-902-DJA

**FINDINGS AND ORDER**

Based on the pending Stipulation between the defense and the government, and good cause appearing therefore, the Court hereby finds that:

1.    The parties desire to continue the preliminary hearing to facilitate pre-indictment resolution, and the government has provided defense counsels with limited Rule 16 discovery for that purpose. The parties are in active plea negotiations and require more time to resolve this matter pre-indictment. The Court finds good cause to continue the hearing to allow the parties to reach a pre-indictment resolution.

2.    Both counsels for defendants and counsel for the government agree to the continuance.

3.    Defendants are not in custody and agree to the continuance.

4.    The continuance is not sought for the purposes of delay, but to allow the parties to thoroughly vet the case and reach an agreement as to the final resolution of this case.

5.    Denial of this request could result in a miscarriage of justice, and the ends of justice served by granting this request outweigh the best interest of the public and the defendants in a speedy trial.

3

6.   The additional time requested by this stipulation is excludable in computing the time within which indictment must be filed pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), and considering the factors under 18 U.S.C. § 3161(h)(7)(A) and (B)(i) and (iv).

THEREFORE, IT IS HEREBY ORDERED that the preliminary hearing in the above-captioned matter, previously scheduled for March 15, 2021, at 4:00 p.m., be vacated and continued to April 19, 2021, at 4:00 p.m., Courtroom 3A.

DATED this _____ day of March, 2021.
                       11th

_____
HONORABLE DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

4